## REX, ADMINISTRATRIX OF IVIE, *v.* UNITED STATES AND UTE INDIANS.

### APPEAL FROM THE COURT OF CLAIMS.

No. 126.　Argued January 13, 1920.—Decided January 26, 1920.

The primary intent of the Act of January 11, 1915, c. 7, 38 Stat. 791, amending the Indian Depredation Act, was to remove the defense of alienage, and it is only cases dismissed on that ground that it provides for reinstating. P. 384.

Assuming that, by omitting the word "band" from § 1 of the original act, the amendment recognized claims for depredations by hostile bands of friendly tribes, a claim of a citizen previously dismissed because the depredating band was hostile, though the tribe was not, is not subject to reinstatement under the amendment; and, treated as a new claim, it is barred by the three years' limitation of the original act. *Id.*

53 Ct. Clms. 320, affirmed.

THE case is stated in the opinion.

*Mr Harry Peyton* for appellant.

*Mr. Assistant Attorney General Davis*, with whom *Mr. Geo. T. Stormont* was on the brief, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from a judgment of the Court of Claims dismissing the appellant's petition upon demurrer. The claim is for depredations committed on June 10, 1866, by a band of the Ute tribe of Indians, known as Black Hawk's band. The Act of March 3, 1891, c. 538, § 1, 26 Stat. 851, gave jurisdiction to the Court of Claims over all claims for property of citizens taken or destroyed by Indians belonging to any band, tribe, or nation in amity with the United States. See Rev. Stats. § 2156, Act of June 30, 1834, c. 161, § 17, 4 Stat. 729, 731. The appellant's intestate filed his claim, but on June 13, 1898, the Court of Claims held that the Black Hawk band of Utes was not in amity with the United States and dismissed the petition. The present petition relies upon the Act of January 11, 1915, c. 7, 38 Stat. 791, amending the first section of the Act of 1891 so that in all claims for property of citizens or inhabitants of the United States taken or destroyed by Indians belonging to any tribe in amity with and subject to the jurisdiction of the United States, &c., the alienage of the claimant shall not be a defence to said claims, with provisos to be mentioned. The present petition, filed September 21, 1917, alleges that the tribe of Utes was in amity with the United States.

The claimant contends that the amendment had two purposes—not merely to give inhabitants the same rights as citizens, but also to admit claims for damage done by hostile bands from a tribe that maintained its amity, subject to a proviso that suit had been brought upon them

theretofore in the Court of Claims. It is said that claims of that nature that still were pending in the Court have been awarded judgment under the new jurisdiction. Another proviso in the act is that claims that have been dismissed by the Court for want of proof of citizenship or alienage shall be reinstated, and the petition prays that the former claim be consolidated with this suit, and that judgment be awarded upon the evidence filed in the former case. It is pointed out as an anomaly that the case of a neighbor of the intestate who suffered damage from the same band on the same day was reinstated and passed to judgment, his claim having been dismissed at an earlier date because he was not a citizen at the time.

But we are of opinion that the judgment of the Court of Claims was plainly right. The emphasis and primary intent, at least, of the Act of 1915 was to remove the defence of alienage. When it goes on by an express proviso to reinstate claims dismissed upon that ground and says nothing as to the other class it is impossible to extend the words. According to the claimant's necessary argument Congress had claims for damage by hostile bands before its eyes. On the face of the act it had before them also the matter of reinstatement. Yet it did not purport to reinstate claims of the present class. According to the claimant's account there was something for the act to operate on in the way of damage by hostile bands and the words cannot be carried further than they go. The Court of Claims rightly held that the old claim was not reinstated and that considered as a new claim the present suit was barred by the three years' limitation in the original act.

*Judgment affirmed.*